# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RANDELL MITCHELL,

    Plaintiff,

vs.

ASSET ACCEPTANCE, LLC,

    Defendant.

Case No. 14-10647

Hon. Robert H. Cleland

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, the parties desire to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately information and material entitled to be kept confidential, including confidential and personal financial information relating to the Plaintiff and his son, a non-party to this case, and Asset's confidential and proprietary business documents;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties through their respective attorneys, that the following stipulated protective order be entered, pursuant to Federal Rule of Civil Procedure 26(c):

1. Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it

contains trade secrets or nonpublic technical, commercial, financial, personal, or business information ("Protected Materials and Information").  Except for documents produced for inspection at the party's facilities, the designation of Protected Material and Information must be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential.  Once specific documents have been designated for copying, any documents containing Protected Materials and Information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

2. A party wishing to designate portions of a transcript as confidential pursuant to this Order must request a copy of the transcript within 7 days of the completion of the deposition.  Within 14 days after receipt of the deposition transcript, a party may designate as confidential those portions of the transcript which contain confidential matters by affixing a stamp conspicuously designating the information as **"CONFIDENTIAL"** on those pages of the transcript which the party seeks to protect.  All transcripts will be treated as confidential until the expiration of the 14-day period described in this paragraph.  A party making any

designations shall serve upon all counsel of record a complete copy of the transcript including those portions containing the designations. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this order. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives taken before the entry of this order, may also be deemed confidential if they include discussions regarding documents already ordered "SEALED" by the Court.

3. At any time after the delivery of Protected Materials and Information, counsel for the party or parties receiving the documents may challenge the designation of all or any portion thereof as protected by providing written notice thereof to counsel for the party disclosing or producing the Protected Materials and Information. If the parties are unable to agree as to whether the designation of discovery material as Protected Materials and Information is appropriate, the party or parties receiving the Protected Materials and Information shall certify to the Court that the parties cannot reach an agreement as to the protected nature of all or a portion of the documents. Thereafter, the party or parties disclosing or producing the protected documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any portion of any Protected Materials and Information in dispute. If the party or parties producing the Protected Materials and Information does/do not timely file a motion for protective

order, then the documents in dispute shall no longer be subject to confidential treatment as provided in this Order.

4. Information or documents designated as confidential under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraph 5 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

5. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances with the requirements and acknowledgements set forth below:

(i) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the

other parties in advance of the disclosure of the confidential information.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order by executing a copy of Exhibit A to this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as 'experts') employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and execute a copy of Exhibit A to this Order, thereby agreeing to be subject to the provisions of this Order. No documents subject to this Order shall be shared with anyone until the party producing the documents has received a copy of Exhibit A signed by the party to whom disclosure is permitted under this Order.

6. Except as provided in Paragraph 5, counsel for the parties must keep all documents designated as confidential that are received under this Order secure within their exclusive possession and must place such documents in a secure area without public or client access in areas normally used for storage of legal documents.

7. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

8. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential pursuant to the above terms, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court.

9. At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Order must be returned to the originating party or destroyed.

10. Until modified by agreement between the parties or by an additional Order of this Court, this Order shall remain in full force and effect.

11. This Court retains jurisdiction of the parties hereto indefinitely respecting any dispute between them concerning improper use of information disclosed under protection of this Order.

12. The party producing the Confidential document shall not waive any objection to the relevance or admissibility of the document by signing this Order or producing the document subject to the Order.

13. The provisions of this Order applies to information designated as confidential and produced by third parties, if timely requested by the third party.

14. If additional persons or entities become parties to this lawsuit, they must not be given access to any information designated as confidential until they execute and file with the Court their written agreement to be bound by the provisions of this Order

15. If a party to this case who receives Protected Material and Information subject to this Order receives a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material and Information designated in this action as Confidential, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the

other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Material and Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its information designated as confidential, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control information designated as confidential by the other party to this case.

16. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered information designated as confidential under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific

S:\Cleland\JUDGE'S DESK\Lisa's Folder\14-10167 Protective Order - REV.doc

8

information or documents, the receiving party must return the information or documents to the producing party within three (3) days, regardless of whether the receiving party agrees with the claim of privilege or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and(e) of the Federal Rules of Evidence.

**SO ORDERED.**

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: May 28, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 28, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

**SO STIPULATED**:

    KIMMEL & SILVERMAN, P.C.        DYKEMA GOSSETT, PLLC

By: /s/ Amy L. Bennecoff        By: /s/ Nasseem S. Ramin
    Amy L. Bennecoff             Robert M. Horwitz (P51466)
    *Attorney for Plaintiiff*           Nasseem S. Ramin (P73513)
    30 East Butler Pike            *Attorneys for Defendant*
    Ambler, PA 19002             400 Renaissance Center
    215-540-8888                  Detroit, MI 48243
    abennecoff@creditlaw.com     (313) 568-5384 or (313) 568-5326
                                         rhorwitz@dykema.com
                                         nramin@dykema.com

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RANDELL MITCHELL,

    Plaintiff,

vs.

ASSET ACCEPTANCE, LLC,

    Defendant.

Case No. 14-10647

Hon. Robert H. Cleland

## ACKNOWLEDGMENT OF INFORMATION OF DISCLOSURE RESTRICTIONS

_____ states as follows:

1.    I have read and know the contents of the Stipulated Protective Order dated _____, 2014 and filed in the above-entitled action on _____, 2014.

2.    I am one of the persons described in Paragraph 5 of the Stipulated Protective Order, and I am executing this affidavit to satisfy the conditions provided in Paragraph 5 of the Stipulated Protective Order prior to the disclosure to me of any Confidential Matter as said term is defined and described in the Stipulated Protective Order.

3. I expressly represent and agree that:

(a) I have read and agree I shall be fully bound by the terms of the Stipulated Protective Order;

(b) All such Confidential Matter disclosed to me pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject of, the Confidential Matter except in accordance with the Stipulated Protective Order;

(c) If I am entrusted with the possession of any copies of the Confidential Matter, I will take all reasonable precautions to avoid any inadvertent disclosure of the Confidential Matter and upon completion of the task for the purpose of which the disclosure is made I will return all copies of the Confidential Matter to the attorneys making the disclosure to me and either destroy or turn over to that counsel any notes or memoranda I have regarding the Confidential Matter;

(d) I shall not disclose the contents or subject matter of any such Confidential Matter to anyone, other than in accordance with the Protective Order (including the requirement of obtaining an affidavit) at anytime hereafter.

4. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person wherever I shall be, for the enforcement of the Court's Order.

Dated: _____, 2014